1    MELINDA HAAG (CABN 132612)
     United States Attorney
2    ALEX G. TSE (CABN 152348)
     Chief, Civil Division
3    MELANIE L. PROCTOR (CSBN 228971)
     Assistant United States Attorney
4

5        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
6        Telephone: (415) 436-6730
         FAX: (415) 436-6748
7        Melanie.Proctor@usdoj.gov

8
     Attorneys for Defendant
9
                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                         OAKLAND DIVISION
12
     HESTIA EDUCATION GROUP, LLC, dba    )  C 15-1463 DMR
13   BLUSH SCHOOL OF MAKEUP, a California )
     limited liability company and MANHAL )  ANSWER TO COMPLAINT
14   MANSOUR, an individual,             )
                                         )
15          Plaintiffs,                  )
                                         )
16        v.                             )
                                         )
17   ARNE DUNCAN, Secretary of the United )
     States Department of Education,     )
18                                       )
            Defendant.                   )
19   _____)

20

21          Defendant Arne Duncan, the Secretary of the U.S. Department of Education ("Department"), for

22   his answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, admits, denies, and alleges, as

23   follows:

24          Defendant denies each and every material allegation contained in Plaintiffs' complaint except as

25   hereinafter expressly and specifically admitted.

26          1.     The allegations in Paragraph 1 consist of Plaintiffs' summary of the case to which no

27   response is required. To the extent a response is required, Defendant admits that the Department issued

28   a determination on May 9, 2014, that Plaintiff Manhal Mansour cannot be trusted to act in the capacity

of a fiduciary of federal funds, and that the Department denied Blush School of Makeup's ("Blush's") application for certification to participate in the Federal Student Aid programs.

2.      The allegations in Paragraph 2 consist of Plaintiffs' summary of the case to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations therein.

3.      The allegations in Paragraph 3 in Plaintiffs' complaint consist of Plaintiffs' summary of the case to which no response is required.    To the extent a response is deemed necessary, Defendant denies the allegations therein.

4.      The allegations in Paragraph 4 consist of Plaintiffs' jurisdictional statement, to which no response is required.  To the extent a response is deemed necessary, Defendant admits that the Court has jurisdiction over this action under 5 U.S.C. § 702, and 28 U.S.C. §§ 1331 and 1361.  Defendant avers that the Declaratory Judgment Act, 28 U.S.C. § 2201 does not operate as an express waiver of sovereign immunity of the United States.

5.      Defendant admits the allegation in Paragraph 5.

6.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 6, and on that basis, denies the allegations.

7.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7, and on that basis, denies the allegations.

8.      Defendant admits the allegations in Paragraph 8.

9.      Defendant admits the first sentence in Paragraph 9.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 9, and on that basis, denies them.

10.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10, and on that basis, denies the allegations.

11.      Defendant admits that because the Department denied Plaintiffs' application for Title IV eligibility for Blush, Plaintiffs cannot offer students Title IV funds to attend Blush.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 11, and on that basis, denies the remaining allegations.

///

12.     Defendant admits that Blush is licensed by the California Bureau of Private Postsecondary Education.  Defendant lacks sufficient information to admit or deny the remaining allegation in Paragraph 12, and on that basis, denies the remaining allegations.

13.     Defendant admits that Blush is accredited by the National Accrediting Commission of Cosmetology Arts & Sciences.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 13, and on that basis, denies the remaining allegations.

14.     Defendant lacks sufficient information to admit or deny the first sentence in Paragraph 14.  Defendant avers that Elite's cohort default rates were as follows:

> 2005: 5.4%
> 2006: 6%
> 2007: 7.9%
> 2008: 7%

Defendant lacks sufficient information to admit or deny the rest of the allegations in Paragraph 14, and on that basis, denies the remaining allegations.

15.     Defendant denies the allegations in Paragraph 15.  Defendant avers that Elite was initially approved by the Department to participate provisionally on July 1, 1993; lost eligibility on April 1, 1996; and then was reinstated for participation in 2000.  Defendant terminated Elite from the Title IV programs, effective April 1, 1996, because Elite lost accreditation from the Accrediting Commission of Career Schools and Colleges due to its failure to submit a required self-evaluation report.  Accreditation by an accrediting agency recognized by the Secretary is a core requirement of eligibility to participate in the Title IV programs.

16.     Defendant lacks sufficient information to admit or deny the characterizations in this paragraph, and on that basis, denies them.  Defendant avers that the Department's December 12, 2008, final program review determination found extremely serious violations that resulted in Elite owing over $1.6 million in liabilities to the Department.  Defendant admits that under 34 C.F.R. § 668.174(a)(2), the amount of those liabilities rendered Elite financially not responsible to continue its participation in the Title IV programs, unless Elite  posted an irrevocable letter of credit (LOC) equal to 100% of the Title IV funds Elite received in the past year.  *See* 34 C.F.R. § 668.175(c).  Defendant denies all of the

1  allegations characterizing the emails attached to the Complaint as Exhibit 6, and notes that the emails

2  attached speak for themselves.

3      17.     Defendant admits that he intended to, and did, deny recertification to Elite.  The

4  remaining allegations in Paragraph 17 consist of Plaintiffs' characterizations of Exhibits 6 and 7, which

5  speak for themselves.  On that basis, Defendant denies the rest of the allegations in Paragraph 17.

6      18.     Defendant denies the allegations in Paragraph 18.

7      19.     Paragraph 19 consists of Plaintiffs' characterization of a statutory program, to which no

8  response is required.  To the extent a response is deemed necessary, Defendant avers that the language

9  in Title IV speaks for itself.

10     20.     Paragraph 20 consists of Plaintiffs' characterization of a statutory program, to which no

11 response is required.  To the extent a response is deemed necessary, Defendant avers that the language

12 in Title IV speaks for itself.

13     21.     Paragraph 21 consists of Plaintiffs' characterization of a statutory program, to which no

14 response is required.  To the extent a response is deemed necessary, Defendant avers that the language

15 in Title IV speaks for itself.

16     22.     Paragraph 22 consists of Plaintiffs' characterization of a statutory program, to which no

17 response is required.  To the extent a response is deemed necessary, Defendant avers that the language

18 in Title IV and the implementing regulations speak for themselves.

19     23.     Paragraph 23 consists of Plaintiffs' characterization of a statutory program, to which no

20 response is required.  To the extent a response is deemed necessary, Defendant avers that the language

21 in Title IV and the implementing regulations speak for themselves.

22     24.     Defendant admits that on or about January 3, 2014, Blush submitted to the Department an

23 application for certification of initial eligibility to participate in the Title IV programs on or about

24 January 3, 2014.  Defendant submits that the electronic application, found at Exhibit 2, speaks for itself.

25     25.     Defendant admits the first sentence in Paragraph 25.  The remaining allegations consist of

26 Plaintiffs' characterization of Exhibit 1, which speaks for itself.  On that basis, Defendant denies the

27 remaining allegations in Paragraph 25.

28 ///

26.     The allegations in Paragraph 26 consist of Plaintiffs' characterizations of their response to Defendant's denial letter, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27.     Defendant denies the allegations in Paragraph 27.  Defendant avers that as stated in Enclosure B to the Defendant's February 12, 2014, denial letter to Blush, Elite's compliance audits and audited financial statements between 2002 and 2007 were all late, and in fact, Blush never submitted an audit for 2002.

28.     The allegations in Paragraph 28 consist of legal conclusions and characterizations of the cited documents.  Defendant denies these allegations.  Defendant avers that he denied Elite's application for recertification not only because of the liabilities owed by Elite, but for the egregious violations that gave rise to these liabilities, and that regardless of whether Mansour had followed through on his commitment to provide a 75% letter of credit, the Department would not have recertified Elite without, at the very least, repayment of those "substantial liabilities."

29.     Defendant admits that he denied Blush's application for the reasons stated in his February 12, 2014, letter, and reaffirmed them in his May 9, 2014, letter.  Defendant denies Plaintiffs' claim that they provided a "clarification of the facts."

30.     Defendant denies the allegations in Paragraph 30.  Defendant avers that he responded to Plaintiffs' invitation to visit Blush by issuing a letter on August 11, 2014.

31.     Defendant admits that he issued a letter to Blush on August 11, 2014.  Defendant submits that the characterizations in this paragraph are Plaintiffs' legal conclusions to which no answer is required.  To the extent that any answer is required, Defendant denies each of the allegations.

32.     Defendant admits that he wrote not just one letter denying Blush's application, but followed up with three more letters, each renewing the same determination.  Defendant submits that with no new information from Plaintiffs, there was nothing further which required him to provide additional responses.  The remaining allegations in this paragraph constitute Plaintiffs' legal argument and require no response, and to the extent a response is required, Defendant denies the allegations therein.

///

33.     The allegations in Paragraph 33 consist of Plaintiffs' characterizations of the cited documents, which speak for themselves.  To the extent a response is required, Defendant denies the allegations therein.

34.     The allegations in Paragraph 34 consist of Plaintiffs' characterizations of the cited documents, which speak for themselves.  To the extent a response is required, Defendant denies the allegations therein.

35.     The allegations in Paragraph 35 consist of Plaintiffs' characterizations of the cited documents, which speak for themselves.  To the extent a response is required, Defendant denies the allegations therein.

36.     The allegations in Paragraph 36 consist of Plaintiffs' characterizations of the cited documents, which speak for themselves.  To the extent a response is required, Defendant denies the allegations therein.

37.     The allegations in Paragraph 37 consist of Plaintiffs' characterizations of the cited documents, which speak for themselves.  To the extent a response is required, Defendant denies the allegations therein.

38.     The allegations in Paragraph 38 consist of Plaintiffs' characterizations of the cited document, which speaks for itself.  To the extent a response is required, Defendant denies the allegations therein.

39.     Defendant denies the allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41.

42.     Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 42, and on that basis, denies them.

43.     Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 43, and on that basis, denies them.

The remaining paragraphs consist of Plaintiffs' causes of action and Prayer for Relief, to which no response is required.  To the extent a response is required, Defendant denies the allegation therein.

///

ANSWER
C 15-1463 DMR                                        6

**AFFIRMATIVE DEFENSES**

1.      Defendant's actions in exercising his discretion were rational, were not arbitrary and capricious, and did not constitute an abuse of discretion.

2.      Defendant's actions were within his authority, and in accordance with the Higher Education Act, and all applicable law.

3.      Plaintiffs fail to state a claim upon which relief can be granted.

4.      The legal concept of a de facto debarment is inapplicable to Defendant's review of a Title IV application.

5.      The legal concept of a de facto debarment never applies to a one-time denial of an application for a government contract.

6.      Plaintiffs have neither a liberty nor property right to participate in the Title IV programs, and received all the process they were due when Defendant denied Plaintiffs' Title IV eligibility application.

9.      The Court lacks jurisdiction over Plaintiffs' Declaratory Judgment Act claim.

        WHEREFORE, Defendant prays for judgment dismissing the complaint with costs, for judgment for Defendant, and for an order denying all relief to Plaintiffs.

DATED: July 6, 2015                        Respectfully submitted,

                                           MELINDA HAAG
                                           United States Attorney

                                           /s/Melanie L. Proctor
                                           MELANIE L. PROCTOR
                                           Assistant United States Attorney

                                           Attorneys for Defendant

ANSWER
C 15-1463 DMR                      7