UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HESTIA EDUCATION GROUP, LLC, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>JOHN KING,<br><br>        Defendant. | Case No. 15-cv-01463-DMR<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 52, 54, 56 |

Plaintiffs Hestia Education Group, LLC dba Blush School of Makeup ("Blush") and Manhal Mansour ("Mansour") (collectively "Plaintiffs") move for leave to file a motion for reconsideration of the court's January 29, 2016 order granting in part and denying in part their motion for discovery (Docket No. 45, "January 29 Order"). [Docket No. 52 (Pls.' Mot.).] Plaintiffs subsequently filed three supplemental exhibits in support of their motion. [Docket Nos. 54 and 56.]

Plaintiffs' underlying suit against the Secretary of the United States Department of Education in his official capacity ("Department" or "Defendant") seeks review under the Administrative Procedure Act ("APA") of the Department's denial of Blush's application for initial certification to participate as an eligible institution in the Title IV student financial aid programs.

I. **Legal Standard**

Civil Local Rule 7-9 provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order . . . . No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be

made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. N.D. Civ. L.R. 7-9(b)(1)- (3). The moving party may not reargue any written or oral argument previously asserted to the court. N.D. Civ. L.R. 7-9(c). Whether to grant leave to file a motion for reconsideration under Rule 7-9 is committed to the court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.—USA*, 570 F. App'x 675, 676 (9th Cir. 2014) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1223(9th Cir. 2007)).

Plaintiffs seek reconsideration on two bases: 1) "a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order" regarding Plaintiff Mansour's de facto debarment claim, and 2) "the emergence of new material facts" regarding the alleged "Elite Scheme."

## II. Factual and Procedural Background

Plaintiff Blush is a private, post-secondary makeup school located in San Francisco. Blush is owned by Hestia Education Group, LLC. Plaintiff Mansour owns 100% of Hestia Education Group LLC, is the Chief Executive Officer of Blush, and serves on Blush's Board of Directors.

On January 3, 2014, Blush filed an application with the Department seeking initial certification of eligibility to participate in the Title IV federal student loan and grant program. The Department denied Blush's application in a letter dated February 14, 2014, and affirmed the denial in subsequent letters, the last of which was issued on February 15, 2015.

Plaintiffs filed this lawsuit seeking review of the Department's denial under the APA, alleging that the denial of Blush's application was arbitrary and capricious, and also resulted in a de facto debarment of Mansour. Plaintiffs moved for discovery under the APA and on Mansour's de facto debarment claim. The court granted Plaintiffs' motion for discovery in part. The court found that the declarations of Martina Fernandez-Rosario and Donna Wittman indicated that the Department had relied on extra-record information in denying Blush's application, specifically the

role of Cristina Grimm[1] in Elite, a cosmetology school once owned by Mansour. January 29 Order at 8-9. The court ordered the Department to supplement the Administrative Record ("AR") with the materials it relied on regarding Grimm's involvement with Elite's failure to comply with applicable Title IV statutes and regulations. *Id.* at 9. The court also permitted Plaintiffs to conduct one-hour depositions of Fernandez-Rosario and Wittman, restricted to this topic. *Id.* The court otherwise denied Plaintiffs' motion for discovery under the APA and denied discovery on Mansour's de facto debarment claim. [Docket No. 45 (Order on Mot. for Discovery).]

Plaintiffs now move the court for leave to file a motion for reconsideration of its January 29, 2016 order denying discovery on Mansour's de facto debarment claim. Plaintiffs argue that the court failed to consider persuasive legal arguments. Plaintiffs also seek to expand the amount and scope of discovery that the court permitted on the Plaintiffs' APA claim. Plaintiffs argue that new facts have emerged related to the Department's determination that it likely would not approve continued Title IV eligibility for a separate school that Grimm plans to buy, San Francisco College of Cosmetology. [Docket No. 52 (Pls.' Mot.).]

**III.   Analysis**

    **A.   The Court's Consideration of Legal Arguments Regarding Mansour's De Facto Debarment Claim**

Plaintiffs argue that the court failed to consider "persuasive legal arguments that if followed by the Court would be dispositive on the de facto debarment issue." Pls.' Mot. at 1. Plaintiffs argue that the court erred by giving too much weight to *Nat'l Career Coll., Inc. v. Spellings*, 371 F. App'x 794 (9th Cir. 2010) ("*NCC*"), and by not giving greater weight to the "better reasoned" authorities that Plaintiffs cited.

Plaintiffs' contention that the court erred in its weighing of "*persuasive*" authorities is nothing more than a thinly veiled attempt to reargue its original motion. This fails to meet the standard for reconsideration based on "manifest failure by the court to consider ... *dispositive legal arguments*." N.D. Civ. L.R. 7-9(b)(2) (emphasis added).

Plaintiffs concede that the court accurately noted that although the opinion in *Nat'l Career*

---

[1] Grimm is Mansour's wife.

3

*Coll.* is "unpublished and thus non-precedential," the court "properly may consider the Ninth Circuit's reasoning." Pls.' Mot. at 2 (citing Order at 11 n.10). Plaintiffs acknowledge that there is no binding Ninth Circuit authority addressing the elements of a de facto debarment claim, yet attempt to reargue the merits of their original motion—in direct contradiction of Local Rule 7-9(c). *See* N.D. Civ. L.R. 7-9(c) (authorizing the imposition of sanctions where the motion for leave to file a motion for reconsideration repeats arguments previously made to the Court). Plaintiffs characterize their motion as "referring" to arguments previously raised, rather than rearguing them. Pls.' Mot. at 1 n.1. However, the persuasiveness of the authorities cited by Plaintiffs and Defendant regarding the legal standard for de facto debarment was squarely before the court when it decided Plaintiffs' original discovery motion. *See* Pls.' Mot. at 3 (citing Pls.' Discovery Brief and Reply [Docket Nos. 28 and 33.]). The court heard and considered Plaintiffs' argument about the persuasiveness of the authority relating to Mansour's de facto debarment claim at the November 12, 2015 hearing. *See* Docket No. 48 (Nov. 12, 2015 Hr'g Tr.).

Plaintiffs' failure to comply with Civil Local Rule 7–9 constitutes grounds for denying their motion. *See Tri–Valley CAREs v. U.S. Dept. of Energy,* 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion ."); *Zepeda v. PayPal, Inc.*, No. C 10-1668 SBA, 2013 WL 2147410, at *2 (N.D. Cal. May 15, 2013) (noting that failure to comply with local rules sufficient grounds for denying motion for leave to file motion for reconsideration). Furthermore, because these arguments were heard and considered by the court prior to the January 29, 2016 discovery order, they are not properly the subject for a motion for reconsideration.

**B.     New Facts Regarding Grimm and the San Francisco College of Cosmetology**

Plaintiffs argue that new facts regarding Grimm's application for continued Title IV eligibility for the San Francisco College of Cosmetology ("SFCC") are material to their motion for discovery.

Grimm had intended to purchase SFCC from its current owner, and applied for pre-acquisition approval for continued Title IV eligibility for the school under her ownership in September 2015. The Department issued its determination, by letter dated March 3, 2016, that it

4

would likely deny the proposed application for continued Title IV eligibility for SFCC if Grimm became the owner, president, and CEO. Pls.' Mot. at 6-9; Supplemental Ex. 3 [Docket No. 54-1.]

While these facts may be relevant to claims filed on behalf of SFCC or Grimm, such claims are not a part of this case. Plaintiffs have not shown that they are relevant, let alone "material," to the present case, which involves Blush's Title IV application and Mansour's debarment claim. N.D. Civ. L.R. 7-9(b)(2); s*ee* Compl. [Docket No. 1] at 13-15.

Plaintiffs are incorrect when they state that "in order for the Court to determine whether the decision making process leading to the Blush denial was customary and fair, rather than irregular and arbitrary and capricious, there should be an opportunity for sufficient discovery concerning that decision-making process." Pls.' Mot. at 9. This is not the standard for discovery under the APA. As laid out in the court's discovery order, judicial review of agency action in APA challenges is usually limited to review of the administrative record. *Friends of the Earth v. Hintz*, 800 F.2d 822, 828 (9th Cir. 1986). Because a court's review of an agency decision under the APA is limited to the administrative record, discovery generally is not permitted in such cases, with four narrow exceptions, when: "(1) it is necessary to determine whether the agency has considered all relevant factors and explained its decision, (2) the agency has relied on documents not in the record, (3) supplementing the record is necessary to explain technical terms or complex subject matter, or (4) plaintiffs make a showing of bad faith." *City of Las Vegas, Nev. v. F.A.A.*, 570 F.3d 1109, 1116 (9th Cir. 2009). Plaintiffs fail to explain how facts regarding SFCC are relevant to this case, much less how they fit into any of the four narrow exceptions for discovery under the APA.

### III.  CONCLUSION

For the reasons stated above, Defendants' request for leave to file a motion for reconsideration is **denied**.

**IT IS SO ORDERED.**

Dated: April 5, 2016

Donna M. Ryu
United States Magistrate Judge