UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HESTIA EDUCATION GROUP, LLC, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>JOHN KING,<br><br>        Defendant. | Case No.  15-cv-01463-DMR<br><br>**ORDER RE: DISCOVERY LETTER AND MOTION FOR EXTENSION OF BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 71, 77 |

Plaintiffs Hestia Education Group, LLC d/b/a/ Blush School of Makeup ("Blush") and Manhal Mansour ("Mansour") (collectively "Plaintiffs") and Defendant John King, in his official capacity as Acting Secretary for the United States Department of Education ("Defendant" or "Department") filed a joint letter brief in which Plaintiffs move to compel certain discovery. Plaintiffs' Mot. to Compel ("Pls.' MTC")[Docket No. 71]. The court has determined that the matter is suitable for resolution without oral argument. Civil L.R. 7-1(b).

**I.    BACKGROUND**

Plaintiffs' underlying suit against the Department seeks review under the Administrative Procedure Act ("APA") of the Department's denial of Blush's application for initial certification to participate as an eligible institution in the Title IV student financial aid programs.

Plaintiff Blush is a private, post-secondary makeup school located in San Francisco. Blush is owned by Hestia Education Group, LLC. Plaintiff Mansour owns 100% of Hestia Education Group LLC, is the Chief Executive Officer of Blush, and serves on Blush's Board of Directors.

On January 3, 2014, Blush filed an application with the Department seeking initial certification of eligibility to participate in the Title IV federal student loan and grant program. The Department denied Blush's application by letter in February 2014, and affirmed the denial in subsequent letters, the last of which was issued in February 2015.

Plaintiffs' lawsuit seeks review under the APA of the Department's denial of Blush's application, alleging that the denial was arbitrary and capricious, and also resulted in a de facto debarment of Mansour. First Amended Complaint ("FAC") [Docket No. 75] at ¶¶ 74-92.

Plaintiffs previously moved for discovery under the APA and on Mansour's de facto debarment claim. The court granted Plaintiffs' motion for discovery in part and denied it in part. January 29, 2016 Order [Docket No. 45]. The court found that the declarations of Martina Fernandez-Rosario and Donna Wittman indicated that the Department had relied on extra-record information in denying Blush's application, specifically, the role of Cristina Grimm[1] in Elite, a cosmetology school once owned by Mansour. January 29 Order at 8-9. The court found that while the Wittman declaration spelled out Grimm's alleged involvement in management of funds at Elite, none of that information appeared in the AR. *Id.* at 9. The court held that Wittman's recounting of her interactions with Grimm during the Elite review, and Fernandez-Rosario's consideration of Grimm's involvement in Elite, demonstrated that the Department relied on extra-record information in reaching its decision to deny Blush's application. *Id.* The court accordingly granted Plaintiffs limited discovery on these narrow grounds. *Id.*

The court ordered the Department to supplement the AR with the materials it relied on in denying Blush's application regarding Grimm's involvement in Elite's failure to comply with applicable Title IV, HEA statutes and regulations. *Id.* Plaintiffs were permitted to propound one interrogatory and one document request on this issue and conduct one-hour depositions of Fernandez-Rosario and Wittman, restricted to that topic. *Id.* The court otherwise denied Plaintiffs' motion for discovery under the APA, and denied discovery on Mansour's de facto debarment claim. *Id.* at 9, 13.

## II. PLAINTIFFS' MOTION TO COMPEL

Plaintiffs now move to compel Defendant to: 1) produce documents related to referrals of Elite made by Wittman and the Region IX team to the Office of the Inspector General ("OIG") and the Administrative Actions & Appeals Division ("AAAD"); 2) compel Wittman to answer

---

[1] Grimm is Mansour's wife.

questions about release of an copy of the Elite Final Program Review Determination Letter ("FPRD") in December 2009; and 3) produce a copy of Wittman's personnel file. Pls.' MTC at 1-5. Plaintiffs also request that the court conduct in camera review of email communications between Wittman and Fernandez-Rosario to determine whether the Department properly redacted portions of the emails. Pls.' MTC at 2-3.

### III.  LEGAL STANDARD

In cases challenging a final federal agency decision under the APA, judicial review of agency action is usually limited to review of the administrative record. *Friends of the Earth v. Hintz*, 800 F.2d 822, 828 (9th Cir. 1986). As set forth above, the court granted limited discovery on the narrow issue of the Department's reliance on certain information outside of the administrative record in reaching its decision to deny Blush's application, specifically Wittman's recounting of her interactions with Grimm during the Elite review and Fernandez-Rosario's consideration of Grimm's involvement in Elite.

### IV.  ANALYSIS

Plaintiff's motion misconstrues the narrow scope of permitted discovery in this case.

#### A.  Request for Documents Related to Referrals Made to OIG and AAAD

Plaintiffs move to compel Defendant to produce documents related to referrals of Elite made by Wittman and her team to the OIG and AAAD. Pls.' MTC at 1. Plaintiff contends that "[t]he requested material will show whether OIG and/or AAAD formed any judgments about Mansour, Grimm and Elite." *Id.* Plaintiffs further argues that, because Fernandez-Rosario testified at her deposition that she considered the entire Elite history in her decision, all documents prepared and retained by the Department relating to Elite should be included in the Supplemental Administrative Record ("SAR").

Plaintiffs' request is outside the scope of discovery permitted by the court's January 29 Order. The court only permitted discovery on the narrow topic of the Department's consideration of extra-record information regarding Grimm's involvement in Elite in reaching its decision to deny Blush's application. This does not extend to all materials "regarding Elite," as Plaintiff contends. Under Ninth Circuit precedent, "[t]he 'whole' administrative record . . . consists of all

3

documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citation and internal quotation marks omitted) (emphasis removed). "In the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (quoting *United States v. Chemical Foundation*, 272 U.S. 1, 14-15 (1926)). Plaintiff has not put forth any evidence, let alone "clear evidence," that the Department considered Wittman's referrals of Elite to the OIG or the AAAD in making its determination on Blush's application.

Therefore, Plaintiff's motion to compel production of documents related to Elite's referral to the OIG and AAAD is denied.

### B. Request for Order Compelling Wittman to Answer Deposition Questions Relating to Release of a Copy of the Elite FPRD

Plaintiffs seek an order compelling Wittman to answer deposition questions regarding release of Elite's FPRD in December of 2009. Wittman testified that she provided a copy of the Elite FPRD to a third party in December 2009. Pls.' MTC at 3. Plaintiffs asked Wittman whether she was a FOIA officer and whether she released the FPRD pursuant to a properly filed FOIA request. *Id.* Defense counsel instructed Wittman not to answer. *Id.* Plaintiff contends that Wittman should be compelled to answer the questions because her answers may demonstrate that she violated the Privacy Act, Section 2635.703 of the Standards for Ethical Conduct for Employees of the Executive Agency, and 18 U.S.C. § 1905. *Id.* at 4.

The Department contends that Elite's FPRD was publicly available in 2009, and did not contain any personally identifying information that would need to be redacted, and that the question of whether Wittman improperly disclosed the FPRD is irrelevant to the issue of whether the Department's decision in the underlying administrative decision was arbitrary or capricious. *Id.*

The court ordered narrow discovery on the limited issue of materials relied upon by the Department in denying Blush's application regarding Grimm's involvement in Elite's failure to comply with applicable Title IV, HEA statutes and regulations. January 29 Order at 9. Plaintiffs' deposition questions to Wittman regarding the 2009 disclosure of Elite's FPRD are beyond the

4

scope of discovery permitted in this case. The deposition questions appear to be based on information Plaintiffs gathered from a FOIA request, and are not based on anything within the administrative record or the scope of discovery permitted in this case. Plaintiff's request is therefore denied.

### C. Request for a Copy of Wittman's Personnel File

Plaintiffs move to compel the Department to produce Wittman's personnel file. Plaintiff states that in her deposition, Wittman admitted that she was disbarred in 1993 for lying to clients. Pls.' MTC at 4. Plaintiffs assert that Wittman's personnel file could demonstrate that Wittman "is not trustworthy and reliable," and contends that "Wittman put her credibility at issue here through submission of her sworn October 21, 2015 Declaration." Pls.' MTC at 5.

The Department contends that Plaintiff can attack Wittman's credibility with the evidence of her disbarment,[2] that Wittman was not employed by the Department as an attorney, and that Plaintiffs have not presented a meritorious reason for compelling disclosure of Wittman's personnel file. *Id.*

This is a classic fishing expedition. Plaintiffs fail to set forth a reasoned or persuasive argument as to why the Department should be compelled to produce Wittman's personnel file. This request is denied.

---

[2] Both parties cite to *United States v. Jackson*, 882 F.2d 1444 (9th Cir. 1989). Jackson, a disbarred attorney on trial for tax fraud, testified on his own behalf in his criminal case. *Id.* at 1447. The court allowed the prosecution to impeach Jackson with a signed statement indicating that fourteen years prior he had been disciplined for misappropriating client funds. *Id.* Jackson appealed, arguing that the evidence was too remote to be probative and that the district court violated Federal Rule of Evidence 608(b) by allowing the government to introduce extrinsic evidence of that prior act of misconduct. *Id.* The Ninth Circuit found that the evidence of Jackson's misappropriation was probative of truthfulness that the government could properly impeach Jackson with the evidence of the disciplinary action by using his prior signed statement when Jackson attempted to deny the event. *Id.* at 1449.

Defendant cites the case to argue that Plaintiffs can use the evidence of disbarment to challenge Wittman's credibility and do not need her personnel file. Plaintiffs cite the case to argue that discipline for misconduct as an attorney may be relevant to assessing credibility, but do not explain why they should receive Wittman's personnel file. Pls.' MTC at 5 n.2.

### D. Request for In Camera Review of Email Messages

Plaintiff asks the court to conduct in camera review of email communications between Wittman and Fernandez-Rosario from May 2014. Pls.' MTC at 2 (citing SAR 756-757 [Docket No. 63]). This portion of the SAR contains three emails between Wittman and Fernandez-Rosario sent on May 20 and 21, 2014. Defendant asserted attorney-client privilege and redacted approximately four lines of text contending that they discuss the advice of agency counsel. Pls.' MTC at 2-3. The parties met and conferred on the redactions on June 17, 2016, and Plaintiffs agreed that they would not pursue in camera review. *Id.* at 3. Plaintiffs argue that "in light of later deposition testimony about lack of any investigation into the inflammatory accusations in these emails, Plaintiffs believe it is possible the redacted portions are not privileged material." *Id.* at 2. Plaintiffs have not explained their withdrawal from their agreement not to pursue in camera review, nor have they provided any support for their position that "it is possible the redacted portions are not privileged material." *Id.*

The redactions are limited to four lines, and defense counsel has made a sworn representation to the court that the redacted portions are protected from discovery by the attorney-client privilege. Proctor Dec. [Docket No. 63] at ¶ 2. Plaintiff has failed to demonstrate good cause for in camera review of the redacted portions of the emails. This request is denied.

## V. MOTION FOR EXTENSION OF BRIEFING SCHEDULE

The parties previously stipulated to a month extension for the filing of their cross-motions for summary judgment, with the motions to be filed by September 22, 2016 and a hearing set for October 27, 2016. [Docket No. 65.] On September 7, 2016, Plaintiffs moved for a thirty-day extension of the briefing schedule due to the pendency of this motion to compel and the motion for an evidentiary hearing on their APA claim, filed on the same day. [Docket Nos. 77, 79.] The Department opposes the motion for an extension of time of the briefing schedule and indicates that it will oppose the motion for evidentiary hearing. [Docket No. 80.]

//

//

//

The court grants an additional two weeks for the parties to file their motions for summary judgment.  Opening briefs are due October 6, 2016, opposition briefs are due October 20, 2016, and reply briefs are due October 27, 2016.  The October 27, 2016 hearing on motions for summary judgment is continued to November 10, 2016 at 11:00 a.m.  This order does not affect the existing schedule for Plaintiffs' motion for an evidentiary hearing.

**IT IS SO ORDERED.**

Dated: September 16, 2016

_____
Donna M. Ryu
United States Magistrate Judge